CASE No. 1095.

STATE, *EX RELATIONE* DETHERIDGE, v. GILREATH.

1. A party may introduce evidence to prove that a fact is not as one of his own witnesses has testified.
2. But the court will not grant a new trial, because such evidence was excluded, if the evidence was immaterial; as, for instance, where its purpose was to show that a sheriff had not proffered to enforce an execution (which it was his clear duty to enforce), provided a bond of indemnity was given.
3. Where it does not clearly appear to which of two matters the language of the charge to the jury is applicable, the language will be referred to that matter which would make the charge correct.
4. Whether the plaintiff has *proved* his case, is to be determined by the jury, not by the judge.
5. A general and indefinite exception will not be considered.
6. A party is not entitled to recover damages from the sheriff for a failure to enforce his execution, where, three months after its entry, the execution was legally stayed, and the money was received in full during such stay and before the trial, the action having been commenced prior to the payment, but after the stay.

Before ALDRICH, J., Greenville, July, 1879.

Action by the State of South Carolina on the relation of A. Detheridge against Perry D. Gilreath, sheriff of Greenville county, and the sureties on his bond. The opinion states the case. Verdict was for defendants.

*Mr. E. F. Stokes,* for appellant.

*Messrs. T. Q. Donaldson* and *W. H. Perry,* contra.

October 3d, 1881. The opinion of the court was delivered by

McIVER, A. J. The action in this case, which was commenced on October 1st, 1878, was brought against the defendant, Gilreath, as sheriff, and the sureties on his official bond, to

recover damages for a breach of official duty in failing and refusing to enforce an execution in favor of the plaintiff, Detheridge, against R. H. Earle.

For a proper understanding of the questions made by this appeal, it will be necessary to make a brief statement of facts gathered from the record in this case, and other records used in the argument here of other branches of the multiform proceedings which have been had in the case of Detheridge *v.* Earle.

On September 11th, 1873, A. Detheridge recovered a verdict against R. H. Earle for the sum of three hundred and seventy-four dollars and two cents, but for some reason, not disclosed by these proceedings, no judgment was entered upon this verdict until April 27th, 1878, when judgment was entered for the amount of the verdict as above stated, with interest from the date of the verdict, and also for five hundred and ninety dollars and ten cents costs, and an execution issued to enforce the same. On May 7th, 1878, notice was given that the defendant excepted to the adjustment of costs as entered in the judgment, and of a motion to re-adjust the same, and, also, of a motion to set aside the judgment as illegally entered. These motions were heard at July term, 1878, as well as a rule on the sheriff, for failing to enforce the above-mentioned execution. On July 30th, 1878, Judge Kershaw granted two orders, one setting aside the taxation of costs, directing a re-adjustment of the same, and ordering the execution stayed in the meantime, but refusing to set aside the judgment; the other discharging the rule on the sheriff upon the ground that, though the sheriff was in default, yet as an order had just been granted directing a re-adjustment of costs, no further proceedings should be had, but requiring the sheriff to pay ten dollars costs of the motion. The defendant gave notice of appeal from so much of the first-mentioned order as refused to set aside the judgment as illegally entered, but the plaintiff acquiescing in so much of that order as required a re-adjustment of the costs, proceeded to have the costs re-adjusted, and, as so re-adjusted, entered in the judgment, and on August 20th, 1878, issued a new execution to enforce the same. On November 6th, 1878, pending the defendant's appeal from the order of July 30th, 1878, he paid to the sheriff the full amount

of the execution, who entered satisfaction on the same, and, subsequently, to wit, on June 11th, 1879, paid this amount to the plaintiff's attorney.

At the trial of the case, the plaintiff's attorney examined the defendant, Gilreath, as a witness, and, in the course of his testimony, he stated that he had offered plaintiff's attorney to enforce the execution if the plaintiff would give him a bond of indemnity. The plaintiff's attorney then offered himself as a witness to prove that Gilreath never made any such offer to him, which testimony, upon objection, was ruled out, the Circuit judge holding that a party could not contradict his own witness, all of which was duly excepted to and constitutes the basis of appellant's first ground of appeal. This exception was well taken. The rule upon this subject is, that a party cannot discredit his own witness by impeaching his general character, or by proving that he has made statements inconsistent with those made by him while on the stand as a witness, but a party may introduce witnesses to prove that the fact is not as one of his witnesses may have testified, even although this may indirectly have the effect of bringing in question the credit of such witness. *Perry* v. *Massey*, 1 *Bail.* 32; *Farr* v. *Thompson, Cheves* 44; *Bank* v. *Shier*, 4 *Rich.* 240. But although this exception was well taken, it does not necessarily follow that the appellant is entitled to a new trial, for it is not sufficient to show error in the rulings below, but it must be an error in some material point. *Susong* v. *Vaiden*, 10 *S. C.* 247. We confess that we are unable to see how the fact that the sheriff had, or had not, offered to enforce the execution, provided a bond of indemnity was given him by the plaintiff, could affect the case. If his official duty required him to execute the mandate of the court, addressed to him in the form of this execution, his offer to perform such duty, provided the plaintiff would give him a bond of indemnity, would furnish no excuse for his refusal to perform such duty without such bond. The error, therefore, in excluding the testimony offered, was not material, and is not sufficient to entitle the plaintiff to a new trial.

The appellant also gave notice of sundry exceptions to the judge's charge, which will next be considered. The judge's

charge, it seems, was in writing, and so much of it as relates to the matters excepted to is in the following words: "It is the duty of the sheriff to obey the mandate of the writ, and he is liable for willful neglect, ignorance or an oppressive use of his office. The verdict in the case, in which this action is founded, was rendered April 11th, 1873, judgment and execution, September 27th, [a clerical error, should be April,] 1878. No proceedings were had to set aside the judgment, nor have they been instituted yet. I cannot go behind the record, and must presume that the execution has been properly issued. Is the sheriff liable in damages? He received notice of appeal, but declined to enforce the execution until the bond required by law was given. If the plaintiff had given the bond, the money would have been collected and paid up. The plaintiff's attorney receipted to the sheriff in his execution book for the debt and costs in full. Now, if you are satisfied that the sheriff has been guilty of laches, or has arbitrarily refused to do what the law commanded him to do, he is liable. But if, in good faith, he said to Mr. Stokes [the plaintiff's attorney], 'I cannot levy and sell under the execution because an appeal is pending, unless you give the bond required by law,' and the plaintiff's attorney refused so to do, whose fault was it that the money was not collected? If you conclude that the sheriff is in fault, what is the measure of damages? What was the plaintiff entitled to recover from the sheriff? His debt, interest and costs. His attorney has receipted for that in full; of course, he cannot have interest on that amount. When the debt was paid, his cause of action was gone. But, as I have already said, if there was any willful neglect, and you can see that the plaintiff has thereby been injured, the sheriff is liable, and you can fix your damages upon any basis you may be able to find in the evidence before you, of which you are the sole judges."

The first error imputed to the Circuit judge in this charge, constituting the basis for the second ground of appeal, is "in instructing the jury that when the sheriff received notice of appeal from taxation of costs by defendant, in case of A. Detheridge against R. H. Earle, his hand was stayed, and that it was not required of him to judge of what was the ground of

appeal on its merits." A careful examination of the charge of the Circuit judge, as set out above, will show that he did not use the language imputed to him in this exception—"that when the sheriff received notice of appeal *from taxation of costs,* *   *   *   his hand was stayed," &c. What he did say, was this: "He (the sheriff) received notice of appeal, but declined to enforce the execution until the bond required by law was given. *   *   But if, in good faith, he said to Mr. Stokes, 'I cannot levy and sell under the execution because an appeal is pending, unless you give the bond required by law,' and the plaintiff's attorney refused so to do, whose fault was it that the money was not collected?" Whether these remarks had reference to the notice of the motion to have the costs retaxed, improperly called an appeal from the taxation of costs, or to the notice of appeal from the order of July 30th, 1878, refusing to set aside the judgment, has not been made to appear, and we are, therefore, bound to refer them to the latter, and to construe the charge as meaning that after notice of appeal from the refusal to set aside the judgment, the plaintiff could not require a sale of defendant's property without giving the bond required by Section 360 of the code, as amended by the act of November 25th, 1873, (15 *Stat.* 501,) which provides that "after notice of appeal, the plaintiff shall not enforce the sale of property without giving an undertaking or bond to the defendant, with two good sureties in double the appraised value of the property, or double the amount of the judgment, conditioned to pay all damages which the defendant may sustain by reason of such sale, in case the judgment is reversed."

The next error complained of in the charge, constituting the basis of the third ground of appeal, is that the Circuit judge stated "that he did not see upon what grounds the jury could bring in a verdict for plaintiffs." We are unable to find that the judge made any such statement to the jury, and, therefore, this ground has no foundation upon which to rest.

The error assigned in the fourth ground of appeal is that the judge said to the jury "that he could not see how the jury could find a verdict against the defendants, as there was nothing upon which to base a verdict against the defendants." An examina-

tion of the judge's charge, as recited above, not only fails to show that any such remark was made to the jury, but, on the contrary, it does show that all the facts were, as they should have been, left for the jury to pass upon. This ground, therefore, cannot be sustained.

The error complained of in the fifth ground of appeal is one of omission, and, although it does not appear in the " case " what the judge was requested to charge, yet, assuming that the request to charge was as stated in this ground of appeal—" that the plaintiffs having proved their case, and the defendants having offered no evidence in reply, were entitled to recover "—it is manifest that there was no error in refusing so to charge, as it would have required the judge to invade the province of the jury by instructing them what was *proved* in the case—that being a question exclusively for the jury.

The errors assigned in the sixth ground of appeal—" because his Honor erred throughout his whole charge, thereby causing the jury to bring in a verdict for the defendants, contrary to the law and the testimony "—are of too general and indefinite a character to be considered by this court.

It is quite manifest, from a consideration of the whole case, that the plaintiff failed to show that he was entitled to recover anything in this action, and, therefore, notwithstanding any immaterial error which may have occurred in the progress of the trial, the judgment below must stand. The object of the action was to recover damages from the sheriff and his sureties for failing and refusing to enforce an execution lodged with him for collection, and, to maintain the action, the plaintiff must not only show that there has been a breach of official duty upon the part of the sheriff, but, also, that he has sustained certain damages by reason of such default. The execution was originally entered in the sheriff's office on April 27th, 1878, and the sheriff could not have enforced it, by a sale of property, before the first Monday in July, following. On May 7th, 1878, the defendant served the plaintiff with a notice of exception to the taxation of costs which had been inserted in the judgment upon which this execution was issued, and, also, with a notice of a motion to set aside said judgment as improperly entered. These

motions were heard at July Term, 1878, when the Circuit Court granted the motion to reform the taxation of costs, but refused the motion to set aside the judgment, and directed a stay of proceedings under the execution until the costs were re-adjusted. The plaintiff acquiesced in the order requiring a re-adjustment of the costs, and, having had the same re-adjusted, issued a new execution on August 20th, 1878, but the defendant appealed from the order refusing to set aside the judgment as illegally entered, which appeal was not heard until April Term, 1879, when it was dismissed by an opinion filed May 8th, 1879.

On the 1st October, 1878, this action was commenced on the sheriff's bond, in which the only breach assigned was the failure to enforce the said execution. On November 6th, 1878, the defendant, Earle, paid the full amount of the said execution to the sheriff, who entered satisfaction on the same, and on June 11th, 1879, this amount was paid to the plaintiff's attorney. The only default, therefore, of which the sheriff could, by any possibility, be said to have been guilty, was in not enforcing the execution between April 27th, 1878, and July 30th, 1878, and for this default, manifestly only technical, inasmuch as the exception to the taxation of costs, though not of itself sufficient to stay the execution, has proved to be well founded, the judge, who heard the rule, mulcted him in costs, but declined to make the rule absolute; for, by the order of July 30th, 1878, the execution was stayed until the costs were re-adjusted, and, by the notice of appeal from so much of that order as refused to set aside the judgment, the sheriff was prevented from enforcing the execution by a sale of the defendant's property, unless the plaintiff had given the bond required by Section 360 of the code, above cited. But, to enable the plaintiff to recover in this action, he must show not only a breach of the bond, but that he has been damaged thereby, and the measure of his damages for such a breach as that assigned would be the amount of the execution, and this the plaintiff had already voluntarily received. Granting, therefore, that the plaintiff in this case has shown a breach of the bond by the failure to enforce the execution between April 27th, 1878, and July 30th, 1878, he has utterly failed to show any damages which he has sustained

by reason of such default, and, therefore, has failed to show his right to recover anything from the defendants.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.